IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PRINCE D. KEY,

      Plaintiff,

v.

SANDRA MCARDLE, JOLINDA WATERMAN,
BETH EDGE, MICHAEL SNODGRASS,
SCOTT A. HOFTIEZER, and JAMES GREER,

      Defendants.

ORDER

18-cv-510-jdp

---

  In this case removed from the circuit court for Dane County, pro se plaintiff Prince D. Key alleges that defendant prison officials violated his rights by failing to properly treat his injured knee, ulcerative colitis, and the pain from those problems, and that they failed to respond to a medical emergency when he woke up with a swollen chest. Key filed a motion for default judgment against defendant Sandra McArdle, which I denied in an October 29, 2018 order. Dkt. 21. I explained that McArdle had answered the complaint on October 22, 2018, shortly after the United States Marshal served her with the complaint after the Wisconsin attorney general declined to represent her. *Id.* at 1.

  Key has filed a motion for reconsideration of that ruling, Dkt. 22, stating that McArdle's answer was actually late because he personally served her with the complaint in late July 2018, and the Grant County Sheriff's Department served her again with the complaint in August 2018. But this case had already been removed by the other defendants in early July 2018, so it is likely that service was not properly accomplished under Federal Rule of Civil Procedure 4 with either of these attempts. Under Rule 4, Key could not serve McArdle himself, and the

Grant County sheriff's certificate of service refers to the Dane County caption, *see* Dkt. 20-2, so I infer that the summons was not signed by this federal court's clerk or bore the court's seal.

But even putting these potential defects aside, I would not grant Key's request, because courts disfavor default judgments for the type of brief delay here that do not prejudice the plaintiff. *See e.g.*, *Sun v. Board of Trustees of University of Ilinois*, 473 F.3d 799, 811–12 (7th Cir. 2007) ("The Court of Appeals for the Seventh Circuit has a "well established policy" for "favoring a trial on the merits over a default judgment."); *Isby v. Clark*, 100 F.3d 502, 504 (7th Cir. 1996) ("default judgments are not favored, especially in hotly contested cases"). Also, after the case was removed, the complaint was taken under advisement for screening under 28 U.S.C. § 1915A. The court routinely allows defendants to hold off on responding to the complaint pending issuance of that screening order. McArdle properly answered the complaint after the court screened it and the question of the attorney general's office representing her was hashed out. There is simply no reason to impose on McArdle the extremely harsh sanction of default judgment here. So I will deny Key's motion for reconsideration.

Finally, Key says that he has not received a copy of McArdle's answer. I will direct the clerk of court to send Key a copy.

ORDER

IT IS ORDERED that

1. Plaintiff Prince D. Key's motion for reconsideration of the court's October 29, 2018 order, Dkt. 22, is DENIED.

2. The clerk of court is directed to send Key a copy of defendant McArdle's answer, Dkt. 13.

Entered December 12, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge